**Dated: March 11, 2025**

**The following is ORDERED:**



Janice D. Loyd
U.S. Bankruptcy Judge

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| In re: | ) | |
| | ) | Case No. 24-12326-JDL |
| Brandy McWhorter, and | ) | Ch. 7 |
| Barry Rhone | ) | |
| Debtors. | ) | |

### ORDER STRIKING DEBTORS' "MOTION TO RECONSIDER"[1]

Before the Court for consideration is the *pro se* Debtors' pleading [Doc.22] entitled:

### "BANKRUPTCY PETITION"

"IN CONJUNCTION WITH CHAPTER 11, TO CHALLENGE JURIDICTION OF THE NON-CORE FRAUDULENT PRACTICE ASSOCIATED WITH THE BANKRUPTCY COURT, ASSERTING

---

[1] The title of the motion is in quotation marks because the matter under consideration is not entitled a Motion to Reconsider but a "Bankruptcy Petition" consisting of forty (40) pages of a hodgepodge of unsupported assertions, irrelevant platitudes, inapplicable Latin maxims and legalistic gibberish, which for reasons set forth herein the Court is treating as a motion to reconsider.
     An example of the Debtors' pseudolegal ideology and fundamental misapprehension of the law is one of the "Maxims of Law" cited by them: "Quod principi placuit legis habet vigorem"– What pleases the prince has the force of law.  That might have been appropriate when societies operated under the rule of Feudal Law where allegiance was to the Feudal Lord or Monarch, not the community.  In our system the social compact is between all the individuals of the community with the will of the community as expressed in the Declaration of Independence and the Constitution.

CONSTITUTIONALLY SECURED RIGHTS TO ATTAIN THE AGE OF THE MAJORITY AND GAIN CONTROL OF SECURITIES HELD IN THE MINOR ACCOUNT, AND SEEKING RESTORATION OF RIGHTS AS ONE REACHES THE AGE OF THE MAJORITY, VIA THIS PETITION FOR REDRESS OF GRIEVANCES"

While the Debtors have not cited any applicable rule of law or procedure as the basis for their pleading, the Tenth Circuit has held that "regardless of how it is styled or construed..., a motion filed within [28] days of the entry of judgment that questions the correctness of the judgment is properly treated as a Rule 59(e) motion." *Phelps v. Hamilton*, 122 F.3d 1309, 1323 (10th Cir. 1997); *Miller v. Leavenworth-Jefferson Electric Co-op, Inc.,* 653 F.2d 1378, 1380 (10th Cir. 1981). Debtors' pleading does not specify the order of which they complain, but as best the Court can determine the pleading challenges the Court's *Order Granting Relief From the Automatic Stay, and Abandonment of Property* entered by the Court on November 25, 2024 [Doc. 19]. Because the Debtors' pleading appears to seek to alter a substantive ruling of the Court, the Court will consider the pleading filed as a "Bankruptcy Petition" [Doc. 22] as a motion to reconsider which under Federal practice can be treated either as a motion to alter or amend the judgment under Fed. R. Civ. P. 59(e) or as a motion for relief from the judgment under Fed. R. Civ. P. 60(b). Here the Court finds that Rule 59(e) is the appropriate vehicle to correct what the Debtors appear to be asserting are manifest errors of law. *Phelps*, 122 F.3d at 1324.

While It is true that the *pro se* plaintiff's pleadings are to be read more liberally than pleadings drafted by an attorney, *Haines v. Kerner,* 404 U.S. 519, 520–521, 92 S.Ct. 594, 30 L.Ed.2d 652 (1971), a *pro se* party must still comply with the applicable procedural and substantive rules of law. *In re Patchell,* 336 B.R. 1 (Bankr. D. Mass. 2005); *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir.1994) ("This Court has repeatedly insisted that pro se parties 'follow the same rules of procedure that govern other litigants.'"); *Ogden v. San*

*Juan County*, 32 F.3d 452, 455 (10th Cir. 1994).

Plaintiffs' pleading fails to comply with Local Rule 9013-1(G) which requires that "all motions or requests for relief shall include in the title 'And Notice of Opportunity for Hearing,'" and immediately below the title shall contain the language set forth in the Rule concerning the right of any objecting party to file a response within the applicable time period from the date of filing of the request for relief. The "Notice of Opportunity for Hearing" together with its notice of the time within which any interested party might make objection is at the very heart of this Court's motion practice.

The pleading is also violative of Local Rule 9013-1(C) which requires that a motion "must be accompanied by a concise brief," either separately filed or combined with a request for relief in the pleading, and "[n]o brief longer than twenty (20) typewritten pages may be submitted without prior permission of the Court." Debtors' pleading is 27 pages in length with an additional "Addendum" of 13 pages. Leave of Court to file an over-sized brief was not obtained. The deficiencies of the requirements of a Local Rule 9013-1 require this Court's striking of the Debtors' pleading.

The pleading is so specious that the Court would generally perceive no need to refute its arguments with somber reasoning and copious citation of precedent; to do so might suggest that these arguments have some colorable merit, which they do not. At the same time, given the Debtor's *pro se* status the Court feels it appropriate to very briefly point out to Debtors the folly of their arguments.

1. Debtors assert that the Bankruptcy Court had no jurisdiction to adjudicate any matter pertaining to the Debtors' property. Debtors state that "the Bankruptcy Court's involvement in their case was never legally authorized." A debtor submits to the jurisdiction

of the bankruptcy court when he or she files a petition. *U.S. v. Wilson*, 974 F.2d 514, 519 (4th Cir.1992), cert. denied, 507 U.S. 945, 113 S.Ct. 1352, 122 L.Ed.2d 733 (1993); *In re Tornheim*, 181 B.R. 161, 167 (Bankr. S.D. N.Y. 1995).  Since the Debtors filed their voluntary Chapter 7 Bankruptcy Petition, this argument is without merit.

2. Debtors assert that the Bankruptcy Court "overstepped its jurisdiction by allowing a creditor to seize the petitioner's private property without due process of law."  This Court did not allow the creditor to "seize" Debtors' property.  The mortgagee creditor filed a motion to lift the automatic stay for the purpose of allowing it to proceed in state court to foreclose its mortgage.  What the Court did was allow the mortgagee to proceed with its state court remedies after the Debtors failed to respond to the motion to lift stay within the 14 days provided by the Local Rules.  If Debtors' property is "seized" through a legal foreclosure it is done in state court.  Even if the Court had not entered its order granting relief from the automatic stay on November 25, 2024, the stay was lifted by operation of law on December 6, 2024, when the Order Discharging Both Debtors was entered.  *See* 11 U.S.C. § 362(c)(2) providing that the stay terminates at the time a discharge is granted or denied.

3. Debtors assert that this matter involves "non-core" issues over which the Bankruptcy Court has no constitutional authority to adjudicate.  This matter is a core proceeding because it is a request to lift the automatic stay, and such a request is expressly defined as a "core proceeding" pursuant to 28 U.S.C. § 157(b)(2)(G). This dispute is also core under the general "catch-all" language because such a dispute is the type of proceeding that can only arise in the context of a bankruptcy case. *See In re Southmark Corp.*, 163 F.3d 925, 930 (5th Cir. 1999) ("[A] proceeding is core under § 157

if it invokes a substantive right provided by title 11 or if it is a proceeding that, by its nature, could arise only in the context of a bankruptcy case.").

4. Debtors assert that this Court denied them their right to a jury trial. While it is true that the right to a jury trial guaranteed by the Seventh Amendment is kept in high esteem and the waiver of the right is not easily inferred, it is well established in the bankruptcy context that there is no right to trial by jury in a "core" proceeding in which a party is asserting equitable relief, here lifting the automatic stay. *In re Glenn,* 359 B.R. 200, 204 (Bankr. N.D. Ill. 2006); *In re Duncan,* 51 B.R. 71 (Bankr. D. Md. 1985); *In re Yagow,* 1986 WL 713522, at *2 (Bankr. D. N.D. 1986).

**IT IS ORDERED** that the Debtors' pleading entitled "Bankruptcy Petition" [Doc. 22] is hereby **Stricken**.

# # #