**Dated: June 12, 2025**

**The following is ORDERED:**



Janice D. Loyd
U.S. Bankruptcy Judge

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| Brandy McWhorter, and | ) | |
| Barry Rhone | ) | Case No. 24-12326 |
| | ) | Chapter 7 |
| Debtors. | ) | |

## ORDER DENYING MOTION TO REOPEN CASE

### I. Introduction

The issue before the Court is straightforward: should the Court permit Debtors to reopen their bankruptcy case for the purpose of filing a motion to avoid the foreclosure judgment lien of their mortgagee?  Before the Court for consideration is the Debtors' *Motion to Reopen Chapter 7 Case to File Motion to Avoid Judicial Lien Under 11 U.S.C. § 522(f)*. [Doc. 35].[1]  Although no objections or responses to the motion were filed within the time permitted by law, "courts are not required to grant a request for relief simply

---

[1] The motion came on for hearing on June 12, 2025 pursuant to the Court's Notice of Hearing issued May 12, 2025.  Debtors appeared and were provided an opportunity to present their motion to the Court.

because the request is unopposed." *In re Millspaugh*, 302 B.R. 90, 95 (Bankr. D. Idaho 2003) (quoting *In re Franklin*, 210 B.R. 560, 562 (Bankr. N.D. Ill. 1997).

This Court is obligated to follow and apply the law, even where the litigants unanimously (either affirmatively or through their silence) urge otherwise. *Nunez v. Nunez (In re Nunez)*, 196 B.R. 150, 156-57 (9th Cir. BAP 1996) ("The granting of an uncontested motion is not an empty exercise but requires that the court find merit to the motion."); *In re Kiproff,* 2006 WL 2381717, at * 1 (Bankr. N.D. Ind. 2006) ("Despite the fact that the motion is unopposed, the court cannot properly grant it because it fails to allege sufficient facts to state a cognizable claim for lien avoidance pursuant to § 522(f)(1)."); *In re Franklin*, 210 B.R. 560, 562 (Bankr. N.D. Ill.1997) (in its order considering the merits of debtors' motions to avoid judgment liens, the court noted: "Critical review of uncontested motions, moreover, is consistent with a basic legal principle—that courts are not required to grant a request for relief simply because the request is unopposed.").

This is the situation confronting the Court in this case. Although the Debtors' motion is unopposed, the Court is required to find legal merit to the motion. For the reasons discussed below, as a matter of law the Debtors are not entitled to avoid the lien as impairing an exemption pursuant to 11 U.S.C. § 522(f).[2]  Pursuant to Fed. R. Bankr. P. 7052 and 9014, the following constitutes the findings of fact and conclusions of law underlying the Court's denial of Debtors' Motion.

---

[2] Unless otherwise noted, all statutory references are to sections of the United States Bankruptcy Code, 11 U.S.C. § 101 *et seq.*

## II. Jurisdiction

This is a matter to reopen Debtors' bankruptcy to avoid a lien under the provisions of Bankruptcy Code § 522(f).  This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334(b), and venue is proper pursuant to 28 U.S.C. § 1409.  Reference to the Court of this matter is proper pursuant to 28 U.S.C. § 157(a).  This is a core proceeding as contemplated by 28 U.S.C. § 157(b)(2)(A).

## III. Factual Background

On August 20, 2024, the Debtors filed a Petition for relief under Chapter 7 of the Bankruptcy Code. The Debtors were/are the owners of the property commonly known as 5124 S. Harvey Ave., Oklahoma City, OK 73109 (the "Property").  In Schedule C the Debtors declared the Property as their exempt homestead under Oklahoma law.  The Property was subject to a mortgage in favor of Mortgage Solutions of Colorado, LLC which was filed on May 13, 2016, and recorded in the office of the County Clerk of Oklahoma County, Oklahoma, recorded in Book 13123, page 640, Document #20160518010710530. [Doc. 14].  Mortgage Solutions of Colorado, LLC brought suit to foreclose its mortgage in the District Court of Oklahoma County and on July 19, 2018, obtained a Judgment of foreclosure of the Property.[3]  On or about January 25, 2022, the beneficial interest under

---

[3] *Mortgage Solutions of Colorado, LLC, Plaintiff v. Brandy R. McWhorter, et al.,* District Court of Oklahoma County, State of Oklahoma, Case No. CJ-2018-947.
    The Court takes judicial notice of the docket report in Plaintiff's state court proceeding. *United States v. Ahidley*, 486 F.3d 1184, 1192 (10th Cir. 2007) (exercising discretion "to take judicial notice of publicly- filed records in our court and certain other courts concerning matters that bear directly upon the disposition of the case at hand").  *United States v. Pursley,* 577 F.3d 1204, 1214 n.6 (10th Cir. 2009) (exercising discretion "to take judicial notice of publicly-filed records in [this] court and certain other courts concerning matters that bear directly upon the disposition of the case at hand" (citation omitted)); *Johnson v. Spencer,* 950 F.3d 680, 705 (10th Cir. 2020); *In re Agrawal,* 560 B.R. 566, 572 n.5 (Bankr. W.D. Okla. 2019).

3

the mortgage was assigned to SERVIS ONE, INC. DBA BSI FINANCIAL SERVICES. [Doc. 14].[4]

In the bankruptcy case, SERVIS ONE, INC. filed a *Motion for Relief From Automatic Stay and Motion for Order of Abandonment* seeking to continue the foreclosure on the Property in state court. [Doc. 14]. On November 25, 2024, the Court entered its *Order Granting Relief from the Automatic Stay and Abandonment of Property.* [Doc.19]. On December 6, 2024, the Debtors received a discharge. On March 19, 2025, the case was closed. The Debtors move to reopen their bankruptcy solely to avoid a "judicial lien in favor of SERVIS ONE DBA BSI FINANCIAL SERVICES, recorded on 01/25/2022, (sic) currently encumbers the Debtors' residential real property located at 5124 S. Harvey Avenue, Oklahoma City Oklahoma 73109." [Doc. 35, ¶ 3].

### IV. Discussion

Bankruptcy Code § 350(b) provides "[a] case may be reopened ... to administer assets, to accord relief to the debtor, or for other cause." Fed. R. Bankr. P. 5010 states "[o]n the debtor's or another party in interest's motion, the court may, under §350(b), reopen a case." Bankruptcy courts have broad discretion to reopen a case. *In re Jester*, 2015 WL 6389290, at *11 (10th Cir. BAP 2015). In deciding whether to reopen a case, the bankruptcy court may deny the motion if it is clear at the outset that reopening the case could not afford the movant any relief such that reopening would be futile and a waste of

---

[4] In their motion, Debtors state that the "lien" which they seek to avoid was filed on January 25, 2022. They are mistaken. The records filed with the County Clerk of Oklahoma County show what was filed on that date was the Assignment of Mortgage from the original mortgagee, Mortgage Solutions of Colorado, LLC, to SERVIS ONE DBA BSI FINANCIAL SERVICES [Document #2022012501013470].

judicial resources. *In re Schicke*, 290 B.R. 792, 798 (10th Cir. BAP 2003) (explaining bankruptcy court that denies reopening a case "will not abuse its discretion if it cannot afford the moving party any relief in the reopened case."); *In re MacIntyre*, 2019 WL 1035683, at *3 (10th Cir. BAP 2019). "A bankruptcy court that refuses to reopen a Chapter 7 case that has been closed will not abuse its discretion if it cannot afford the moving party any relief in the reopened case." *In re Jester,* 2015 WL 6389290, at *11 (10th Cir. BAP 2015). In other words, if substantive relief cannot be granted, then reopening a case would be futile and a waste of judicial resources. This is exactly the case here.

Debtors move the Court to avoid the "judicial lien" of SERVIS ONE INC. DBA BSI FINANCIAL SERVICES on the Property which in their bankruptcy they claimed as their personal residence and therefore exempt under Oklahoma law. Although state law controls the availability of the homestead exemption, § 522(f) controls the availability of lien avoidance. *David Dorsey Distributing, Inc. v. Sanders (In re Sanders),* 39 F.3d 258, 260 (10th Cir. 1994); *Coats v. Ogg (In re Coats)*, 232 B.R. 209, 212 (10th Cir. BAP 1999).

In order for a debtor to avoid a lien under § 522(f)(1), the debtor must show: "(1) that the lien is a judicial lien; (2) that the lien is fixed against an interest of the debtor in property; and (3) that the lien impairs an exemption to which the debtor would otherwise be entitled*.*" *In re Jordana*, 232 B.R. 469, 473 (10th Cir. BAP 1999) (quoting *Henderson v. Belknap (In re Henderson)*, 18 F.3d 1305, 1308 (5th Cir. 1994)).

The Debtors cannot meet the first requisite element: the lien which the Debtors seek to avoid is not a judicial lien. Debtors rely upon § 522(f) which provides, in part, as follows:

> (f)(1) Notwithstanding any waiver of exemptions ... the debtor may avoid the fixing of a lien on an interest of the debtor in

5

> property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is –
>
> (A) a judicial lien ...; or
>
> (B) a nonpossessory, nonpurchase-money security interest in any ....

Debtors apparently overlook § 522(f)(2)(C) which states: "This paragraph shall not apply with respect to a judgment arising out of a mortgage foreclosure." The meaning of § 522(a)(2)(C) is clear. As stated in *In re Hart,* 328 F.3d 45, 49 (1st Cir. 2003):

> Congress used § 522(f)(2)(C) to contrast mortgage foreclosure judgments from liens which are avoidable under § 522(f), clarifying that the entry of a foreclosure judgment does not convert the underlying consensual mortgage into a judicial lien which may be avoided. Mortgage foreclosure judgments do not become judicial liens subject to avoidance under § 522.

Section 522(f)(2)(C) recognizes the well-established law, including in Oklahoma, that a judgment for foreclosure does not convert the consensual lien of the mortgage to a judicial lien that is avoidable by use of § 522(f)(1). As stated in *In re Nichols*, 265 B.R. 831, 835, (10th Cir. BAP 2001):

> Indeed, it is well-settled under Oklahoma law that a mortgage lien is neither merged into a foreclosure decree nor extinguished by a foreclosure decree, and that a foreclosure decree in no way creates a lien, but rather is a means of enforcing the lien created by contract. *Methvin v. American Sav. & Loan Assoc.*, 194 Okla. 288, 151 P.2d 370, 377 (1944); *Anderson v. Barr*, 178 Okla. 508, 62 P.2d 1242, 1246 (1936); *Bank of the Panhandle v. Hill*, 965 P.2d 413, 417 (Okla.Civ. App.1998). A mortgage lien is extinguished only by foreclosure sale. 42 Okla. Stat. Ann. § 22 (1990). Thus, when the state court entered its foreclosure decree, Armstrong's consensual security interest continued to exist, and a new "judicial lien" was not created. Furthermore, on the debtor's petition date, Armstrong had a security interest in Parcel C under Oklahoma

law because the foreclosure sale, which would have extinguished her consensual lien, had not been confirmed and was stayed pursuant to § 362(a). Based on this analysis, there is no judicial lien to which § 522(f)(1)(A) applies.

The rule that a security interest is not transformed into a judicial lien by a prepetition foreclosure decree is in accord with other cases on this issue. *In re Goodwin*, 133 B.R. 141, 143 (Bankr. S.D. Ind. 1990) (citing cases, including *In re Dunn*, 10 B.R. 385 (Bankr. W.D. Okla. 1981)); *Miller v. United States (In re Miller)*, 8 B.R. 672, 673 (Bankr. N.D. Iowa 1981), *reaffirmed in In re Sinnard*, 91 B.R. 850, 854 (Bankr. N.D. Iowa 1988) (citing numerous cases); *see In re Vincent*, 260 B.R. 617, 621 (Bankr. D. Conn. 2000) (rejecting the idea that this could happen). In *Miller*, the court reached this conclusion after thoughtful analysis:

> There is nothing in the legislative history of the Code that would indicate that Congress intended that a diligent creditor who obtained a judgment in foreclosure with respect to his security interest would thereby lose his rights through avoidance in the bankruptcy proceedings by the use of § 522(f)(1). It seems clear that the provision for avoidance of judicial liens was meant to apply to judgements obtained on debts that would otherwise be unsecured.

8 B.R. at 673. *See also Soriano v. Wells Fargo Bank, N.A. (In re Soriano)*, 587 B. R. 371, 385-86 (Bankr. W. D. Okla.):

> Oklahoma law provides that a decree of foreclosure determines only that there is a valid mortgage lien which the mortgagee is entitled to enforce to a sale. Until there has been a sale of the foreclosed property, the mortgagor retains the right of redemption until the mortgage has been dissolved by sale of the property. As stated in *Bank of the Panhandle v. Hill*, 965 P.2d 413, 416 (Okla. Civ. App. 1998):

> A mortgage lien on real estate is not merged into a decree of foreclosure, nor is it extinguished by the mere rendition of decree of foreclosure. It is extinguished only by a sale.\*\*\* '[U]ntil the sale the mortgage as a property right created by

contract remains... unaffected.' (citing Anderson v. Barr, 178 Okla. 508, 62 P.2d 1242 (1936)).

Consistent with the handling of mortgage foreclosure judgments under § 522(f)(2)(C) is the Code provision with respect to a discharge under § 524(a)(2) which "only prevents enforcement of personal liability; it does not prevent foreclosure of a mortgage that remains in default after a discharge is issued and a Chapter 7 case closed." *In re Wilson*, 492 B.R. 691, 696 (Bankr. S.D. N.Y. 2013); *In re Mayton*, 208 B.R. 61, 66-67 (9th Cir. BAP 1997).

## Conclusion

The Court finds the reason for which Debtors seek to reopen this case, to avoid a "judgment arising out of a mortgage foreclosure," is barred by § 522(f)(2)(C). Thus, reopening their bankruptcy case would be an exercise in futility, not affording them the relief which they seek. Accordingly,

**IT IS ORDERED** that the Debtors' *Motion to Reopen Chapter 7 Case to File Motion to Avoid Judicial Lien Under 11 U.S.C. § 522(f)* [Doc. 35] is **Denied.**

# # #